IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**OTTO "ED" ZINIKER,**                                    05-CV-1032-BR

        Plaintiff,

                                     OPINION AND ORDER

v.

**RAY WALDO,**

        Defendant.


**THOMAS E. DVORAK**
**KELLY GREENE MCCONNELL**
Givens Pursley LLP
601 West Bannock Street
P.O. Box 2720
Boise, ID  83701-2720
(208) 388-1200

        Attorneys for Plaintiff

**WILLIAM H. STOCKTON**
**MICHAEL T. STONE**
Brisbee & Stockton LLC
139 N.E. Lincoln Street
P.O. Box 567
Hillsboro, OR  97123
(503) 648-6677

        Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion for Summary Judgment (#11).  The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

On July 4, 2003, Plaintiff Otto Ziniker was helping Defendant to replace siding on Defendant's cabin.  Plaintiff fell off a ladder jack and hurt himself.

On July 1, 2005, Plaintiff filed a personal injury action in this Court on the ground that Plaintiff was injured as a result of Defendant's negligence.  On October 21, 2005, Plaintiff filed a Waiver of Service signed by defense counsel on October 18, 2005.

On January 17, 2006, Defendant filed a Motion for Summary Judgment on the ground that Plaintiff did not commence this action within the applicable statute of limitations, and, therefore, Plaintiff's action is time barred.

## STANDARDS

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving

2 - OPINION AND ORDER

party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley*

*Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

## DISCUSSION

A negligence claim that arises under Oregon law and is brought in federal court on the basis of diversity jurisdiction is governed by the applicable Oregon statute of limitations. *Torre v. Brickey*, 278 F.3d 917, 919 (9th Cir. 2002). Under Oregon law, an action for negligence must be commenced within two years from the time plaintiff discovers or reasonably should have discovered (1) the injury, (2) the cause of the injury, and (3) the identity of the tortfeasor. *Flug v. Univ. of Or.*, 170 Or. App. 660, 672 (2000). *See also* Or. Rev. Stat. § 12.110(1). The parties do not dispute Plaintiff discovered the injury, the cause of his injury, and the identity of the alleged tortfeasor on July 4, 2003.

Or. Rev. Stat. § 12.020(1) provides an action is "commenced" for purposes of § 12.110(1) only when a plaintiff has both filed a complaint and served the defendant with a summons. If the plaintiff serves the summons "before the expiration of 60 days after the date on which the complaint in the action was filed, the action . . . shall be deemed to have been commenced upon the date on which the complaint in the action was filed." Or. Rev. Stat. § 12.020(2). *See also Torre*, 278 F.3d at 919. If, however, a plaintiff does not serve the summons until more than

4 - OPINION AND ORDER

60 days after the date on which the complaint was filed, the action is not deemed to have commenced until the date of the service of the summons. *Torre*, 278 F.3d at 919-20. *See also Greene v. Legacy Emanuel Hosp. and Healthcare Ctr.*, 335 Or. 115, 120 (2002).

Finally, although Oregon law governs the commencement of this action, the Federal Rules of Civil Procedure govern the service of process. *Hanna v. Plumer*, 380 U.S. 460 (1965). Under Rule 4(d)(4), if a plaintiff chooses to satisfy service requirements by using a waiver of service, service of process is considered effected on the date that the plaintiff filed the waiver of service form with the court.

Here Plaintiff's cause of action accrued on July 4, 2003. Plaintiff filed his Complaint on July 1, 2005. Plaintiff, however, filed the Waiver of Service on October 21, 2005, which is more than 60 days after Plaintiff filed the Complaint. Plaintiff's action, therefore, was not "commenced" under Or. Rev. Stat. § 12.110(1) as of the time he filed his Complaint, and, thus, Plaintiff's action was not commenced within two years from the date on which Plaintiff's cause of action accrued.

On this record, the Court concludes Plaintiff's action is barred by the statute of limitations and grants Defendant's Motion for Summary Judgment.

5 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (#11).

IT IS SO ORDERED.

DATED this 21st day of March, 2006.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER